HONORABLE RONALD B. LEIGHTON

UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT TACOMA

OXANA V GRABOIS,

    Plaintiff,

v.

ADAM J GRABOIS,

    Defendant.

CASE NO. C15-5876 RBL

ORDER DENYING MOTION FOR LEAVE TO PROCEED IN FORMA PAUPERIS

THIS MATTER is before the Court on Plaintiff Grabois's Motion for Leave to Proceed *in forma pauperis* and her proposed complaint [Dkt. #1]. Grabois immigrated to the United States and married a U.S. citizen. They apparently had a child and got divorced. Grabois is now a U.S. citizen. She sought child support from her ex-husband during her Pierce County dissolution proceeding, but her claim was apparently denied. She now seeks that support here.

A district court may permit indigent litigants to proceed *in forma pauperis* upon completion of a proper affidavit of indigency. *See* 28 U.S.C. § 1915(a). The court has broad discretion in resolving the application, but "the privilege of proceeding *in forma pauperis* in civil actions for damages should be sparingly granted." *Weller v. Dickson*, 314 F.2d 598, 600 (9th Cir. 1963), *cert. denied* 375 U.S. 845 (1963). Moreover, a court should "deny leave to proceed

*in forma pauperis* at the outset if it appears from the face of the proposed complaint that the action is frivolous or without merit." *Tripati v. First Nat'l Bank & Trust*, 821 F.2d 1368, 1369 (9th Cir. 1987) (citations omitted); *see also* 28 U.S.C. § 1915(e)(2)(B)(i). An *in forma pauperis* complaint is frivolous if "it ha[s] no arguable substance in law or fact." *Id.* (citing *Rizzo v. Dawson*, 778 F.2d 527, 529 (9th Cir. 1985); *Franklin v. Murphy*, 745 F.2d 1221, 1228 (9th Cir. 1984).

A *pro se* plaintiff's complaint is to be construed liberally, but like any other complaint it must nevertheless contain factual assertions sufficient to support a facially plausible claim for relief. *Ashcroft v. Iqbal*, 556 U.S. 662, 678, 129 S.Ct. 1937, 173 L.Ed.2d 868 (2009) (citing *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 570, 127 S.Ct. 1955, 167 L.Ed.2d 929 (2007)). A claim for relief is facially plausible when "the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Iqbal*, 556 U.S. at 678.

Grabois is not eligible to proceed *in forma pauperis* under this standard. Her complaint does not identify the basis for the Court's jurisdiction over the parties or the controversy, and it facially asks it to award her money damages that were denied in a prior state court proceeding.

This Court cannot and will not review or reverse decisions made in state court. The *Rooker-Feldman* doctrine precludes "cases brought by state-court losers complaining of injuries caused by state-court judgments . . . and inviting district court review and rejection of those judgments." *Exxon Mobil Corp. v. Saudi Basic Indus. Corp.*, 544 U.S. 280, 284, 125 S. Ct. 1517, 1521, 161 L. Ed. 2d 454 (2005). [W]hen a losing plaintiff in state court brings a suit in federal district court asserting as legal wrongs the allegedly erroneous legal rulings of the state court and seeks to vacate or set aside the judgment of that court, the federal suit is a forbidden de facto

1  appeal. *Noel v. Hall*, 341 F.3d 1148, 1156 (9th Cir.2003); *Carmona v. Carmona*, 603 F.3d 1041,
2  1050 (9th Cir. 2008).
3       For these reasons, Grabois's *in forma pauperis* application is DENIED. She must pay the
4  filing fee or submit a proposed amended complaint addressing and remedying these deficiencies
5  **within 30 days** of this order, or the matter will be dismissed.
6       Any amended complaint should identify the basis for the Court's jurisdiction over her ex-
7  husband and the dispute, the legal basis for the claim, and explain why it is not barred by her
8  unsuccessful effort to obtain the same relief in state court.
9       IT IS SO ORDERED.
10      Dated this 9th day of March, 2016.

                                    _____
                                    Ronald B. Leighton (as auth/dn)
                                    United States District Judge