HONORABLE RONALD B. LEIGHTON

UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT TACOMA

| | |
|---|---|
| OXANA V GRABOIS,<br><br>        Plaintiff,<br><br>  v.<br><br>ADAM J GRABOIS,<br><br>        Defendant. | CASE NO. C15-5876-RBL<br><br>ORDER GRANTING LEAVE TO PROCEED IN FORMA PAUPERIS |

THIS MATTER is before the Court on Plaintiff Grabois's motion for leave to *proceed in forma pauperis*, supported by her amended complaint. The Motion is GRANTED, and the Clerk shall file Grabois's amended complaint [Dkt. #3].

The Clerk shall send service forms to the plaintiff. ***The plaintiff shall return the service forms and the correct number of service copies of her complaint to serve each named defendant within 30 days of entry of this Order***. The service forms must be completely and accurately filled out. The failure to return to the Clerk the service forms and service copies of the complaint within 30 days of entry of this Order will result in the dismissal of plaintiff's complaint.

If the plaintiff returns the service forms and service copies of her complaint, the Clerk is directed to effect service as provided below:

**(1)     Service by Clerk**

It is hereby **ORDERED** that the Clerk shall send the following to each named defendant for whom there is a filled out service form by first class mail:  a copy of the complaint and of this Order, two copies of the Notice of Lawsuit and Request for Waiver of Service of Summons, a Waiver of Service of Summons, and a return envelope, postage prepaid, addressed to the Clerk's Office.  All costs of service shall be advanced by the United States.

**(2)     Response Required**

Defendants shall have thirty (30) days within which to return the enclosed Waiver of Service of Summons.  Each defendant who timely returns the signed Waiver shall have sixty (60) days after the date designated on the Notice of Lawsuit to file and serve an answer or a motion directed to the complaint, as permitted by Rule 12 of the Federal Rules of Civil Procedure.

Any defendant who fails to timely return the signed Waiver will be personally served with a summons and complaint, and may be required to pay the full costs of such service, pursuant to Rule 4(d)(2).  A defendant who has been personally served shall file an answer or motion permitted under Rule 12 within thirty (30) days after service.

**(3)     Filing and Service by Parties, Generally**

All original documents and papers submitted for consideration by the court in this case, are to be filed with the Clerk of this court.  The originals of all such papers shall indicate in the upper right-hand corner the name of the Judge to whom the copies are to be delivered.  The papers shall be accompanied by proof that such documents have been served upon counsel for

the opposing party (or upon any party acting pro se).  The proof shall show the day and manner of service and may be by written acknowledgment of service, by certificate of a member of the bar of this court, or by affidavit of the person who served the papers.

### (4)     Motions

Any request for court action shall be set forth in a motion, properly filed and served.  The motion shall include in its caption (immediately below the title of the motion) a designation of the date upon which the motion is to be noted upon the court's calendar.  That date shall be as provided in the Court's Local Rules.  If a party fails to file and serve timely opposition to a motion, the court may deem any opposition to be without merit.  The party making the motion may file, not later than 4:30 p.m. on the date designated for consideration of the motion, a response to the opposing party's briefs and affidavits.

### (5) Motions for Summary Judgment

If one of the parties files a motion for summary judgment pursuant to Federal Rules of Civil Procedure 56, the opposing party should acquaint him/herself with Rule 56.  Rule 56 requires a nonmoving party to submit affidavits or other evidence in opposition to a motion for summary judgment if the moving party has shown the absence of issues of material fact and an entitlement to judgment as a matter of law.  A nonmoving party may not rest upon the mere allegations or denials of prior pleadings.  Rather, successful opposition to a motion for summary judgment requires the nonmoving party to set forth, through affidavits or other evidence, specific facts showing a genuine issue for trial.  Failure by the nonmoving party to oppose a summary judgment motion or to present counter evidence could result in the Court accepting the moving party's evidence as the truth, and entering final judgment in favor of the moving party without a full trial.  *Rand v. Rowland*, 113 F.3d 1520 (9th Cir. 1997).

**(6)    Direct Communications with District Judge or Magistrate Judge**

No direct communication is to take place with the District Judge or Magistrate Judge with regard to this case. All relevant information and papers are to be directed to the Clerk.

**(7)    Clerk's Action**

The Clerk is directed to send a copy of this Order to the plaintiff.

IT IS SO ORDERED.

Dated this 26th day of May, 2016.

Ronald B. Leighton
United States District Judge

ORDER GRANTING LEAVE TO PROCEED IN
FORMA PAUPERIS - 4