|   |   |
|---|---|
| 1 | HONORABLE RONALD B. LEIGHTON |

UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT TACOMA

OXANA V GRABOIS,

        Plaintiff,

  v.

ADAM J GRABOIS,

        Defendant.

CASE NO. C15-5876-RBL

ORDER GRANTING MOTION TO DISMISS

THIS MATTER is before the Court on *pro se* Defendant Adam Grabois' Motion to Dismiss [Dkt #9]. *Pro se* Plaintiff Oxana[1] Grabois is Adam's ex-wife. She claims that Adam signed an immigration form (a I-184 Affidavit) that contractually bound him to pay child support. The two were married, had a child, and divorced. Oxana claims spousal abuse (which is troubling but is not part of this case), and claims that Adam failed to pay the amounts he agreed to pay. She was permitted to file this action *in forma pauperis* [Dkt. #4, *see* amended complaint at Dkt. #5]

---

[1] Because the parties have the same last name, the Court will use their first names. No disrespect is intended.

ORDER GRANTING MOTION TO DISMISS - 1

1     Adam seeks dismissal, arguing that all aspects of their dissolution, including child
2 support and the import of the I-184 Affidavit, were already litigated in state court. He asks the
3 Court to take Judicial Notice of various pleadings and documents from that state court
4 proceeding. That request is GRANTED. Adam argues the claims are barred by *res judicata* and
5 that this court does not have subject matter jurisdiction over what is effectively an appeal of the
6 adverse result Oxana received in state court.
7     Dismissal under Rule 12(b)(6) may be based on either the lack of a cognizable legal
8 theory or the absence of sufficient facts alleged under a cognizable legal theory. *Balistreri v.*
9 *Pacifica Police Dep't*, 901 F.2d 696, 699 (9th Cir. 1990). A plaintiff's complaint must allege
10 facts to state a claim for relief that is plausible on its face. *See Aschcroft v. Iqbal*, 129 S. Ct.
11 1937, 1949 (2009). A claim has "facial plausibility" when the party seeking relief "pleads factual
12 content that allows the court to draw the reasonable inference that the defendant is liable for the
13 misconduct alleged." *Id*. Although the Court must accept as true the Complaint's well-pled facts,
14 conclusory allegations of law and unwarranted inferences will not defeat a Rule 12(c) motion.
15 *Vazquez v. L. A. County*, 487 F.3d 1246, 1249 (9th Cir. 2007); *Sprewell v. Golden State*
16 *Warriors*, 266 F.3d 979, 988 (9th Cir. 2001). "[A] plaintiff's obligation to provide the 'grounds'
17 of his 'entitle[ment] to relief' requires more than labels and conclusions, and a formulaic
18 recitation of the elements of a cause of action will not do. Factual allegations must be enough to
19 raise a right to relief above the speculative level." *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 555
20 (2007) (citations and footnotes omitted). This requires a plaintiff to plead "more than an
21 unadorned, the-defendant-unlawfully-harmed-me-accusation." *Iqbal*, 129 S. Ct. at 1949 (citing
22 *Twombly*).

23
24

1  On a 12(b)(6) motion, "a district court should grant leave to amend even if no request to
2  amend the pleading was made, unless it determines that the pleading could not possibly be cured
3  by the allegation of other facts." *Cook, Perkiss & Liehe v. N. Cal. Collection Serv.*, 911 F.2d 242,
4  247 (9th Cir. 1990). However, where the facts are not in dispute, and the sole issue is whether
5  there is liability as a matter of substantive law, the court may deny leave to amend. *Albrecht v.*
6  *Lund*, 845 F.2d 193, 195–96 (9th Cir. 1988).

7  A *pro se* Plaintiff's complaint is to be construed liberally, but like any other complaint it
8  must nevertheless contain factual assertions sufficient to support a facially plausible claim for
9  relief. *Ashcroft v. Iqbal*, 556 U.S. 662, 678, 129 S.Ct. 1937, 173 L.Ed.2d 868 (2009) (citing *Bell*
10 *Atlantic Corp. v. Twombly*, 550 U.S. 544, 570, 127 S.Ct. 1955, 167 L.Ed.2d 929 (2007)).  A
11 claim for relief is facially plausible when "the plaintiff pleads factual content that allows the
12 court to draw the reasonable inference that the defendant is liable for the misconduct alleged."
13 *Iqbal*, 556 U.S. at 678.

14 Under *res judicata*, "a final judgment on the merits of an action precludes the parties or
15 their privies from re-litigating issues that *were or could have been* raised in that action."  *Allen v.*
16 *McCurry*, 449 U.S. 90, 94 (1980)(emphasis added).  The doctrine of *res judicata* bars a party
17 from re-filing a case where three elements are met: (1) identity of claims; (2) final judgment on
18 the merits; and (3) identity or privity between parties. *Frank v. United Airlines, Inc.*, 216 F.3d
19 845, 850, n. 4 (9th Cir. 2000); *Thompson v. King Co.*, 163 Wash. App. 184 (2011).

20 The doctrine of claim preclusion, or "true" *res judicata*, provides that a final judgment
21 establishes the full measure of relief that a plaintiff is entitled to for his or her claims or causes of
22 action. Wright and Miller, Terminology of Res Judicata, *Federal Practice and Procedure* vol. 18
23 § 4402 (2d ed.) (quoting *Kaspar Wire Works, Inc. v. Leco Engr'g & Mach., Inc.*, 575 F.2d 530,
24

535–536 (5th Cir. 1978). When a final judgment is rendered, the claims that the plaintiff has brought or *could have brought* are merged into the judgment. After the claims are merged into the judgment, the plaintiff may not seek further relief on those claims in a separate action. *Id.*

This Court cannot and will not review or reverse decisions made in state court. The *Rooker-Feldman* doctrine precludes "cases brought by state-court losers complaining of injuries caused by state-court judgments . . . and inviting district court review and rejection of those judgments." *Exxon Mobil Corp. v. Saudi Basic Indus. Corp.*, 544 U.S. 280, 284, 125 S. Ct. 1517, 1521, 161 L. Ed. 2d 454 (2005). [W]hen a losing plaintiff in state court brings a suit in federal district court asserting as legal wrongs the allegedly erroneous legal rulings of the state court and seeks to vacate or set aside the judgment of that court, the federal suit is a forbidden de facto appeal. *Noel v. Hall*, 341 F.3d 1148, 1156 (9th Cir.2003); *Carmona v. Carmona*, 603 F.3d 1041, 1050 (9th Cir. 2008).

Adam's Motion is based on his well-documented claim that the child support claim in this case (and its primary basis, the I-184 affidavit) were litigated on the merits in state court:

> On November 9, 2015, the remaining issues were addressed at a bench trial in Pierce County Superior Court with Judge James Orlando. On the matter of Spousal Maintenance, Oxana argued in both her Trial Brief, Strict Reply Brief, and during the trial to Judge Orlando, that Spousal Maintenance should be set according to the I-864 Affidavit of Support document, which she also submitted to the Family Court as an Exhibit. *(Exhibit K: Trial Brief of Oxana Grabois – Page 12, Lines 3 to 5; Exhibit L: Trial Exhibits of Oxana Grabois – Page 3, Line 20; Exhibit M: Strict Reply to Trial Brief of Adam Grabois – Page 7, Line 16 to 18 & Page 8, Line 11 to 21).*

[Dkt. #9 at 4] That litigation resulted in a "final order" of child support [Dkt. #9-2].

1     Oxana's Response [Dkt. #10] is lengthy, but it is primarily a factual and legal response to
2  the claims and issues that were litigated in state court. She does not and cannot dispute the
3  primary point of the motion, that the child support calculation and the impact of the I-184
4  Affidavit were already conclusively decided.
5     The claims in Oxana's complaint are therefore barred by *res judicata*, and this Court
6  cannot and will not review the decisions made in state court under the *Rooker Feldman* doctrine.
7  In short, this Court is not a vehicle for re-litigating claims and issues that have already been
8  litigated, and it is not a place to seek review or reversal or reconsideration of underlying state
9  court decisions, even if they are wrong.
10    The Motion to Dismiss with prejudice and without leave to amend is GRANTED.
11 IT IS SO ORDERED.
12    Dated this 2nd day of September, 2016.

*[signature: Ronald B. Leighton]*

Ronald B. Leighton
United States District Judge