UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT TACOMA

| | |
|---|---|
| OXANA V GRABOIS, <br><br> Plaintiff, <br> v. <br><br> ADAM J GRABOIS, <br><br> Defendant. | CASE NO. C15-5876 RBL <br><br> ORDER DENYING MOTION FOR APPOINTMENT OF COUNSEL |

THIS MATTER is before the Court on Defendant Adam Grabois' Motion for appointment of counsel. [Dkt. # 32]. Adam[1] claims he cannot afford an attorney.

No constitutional right to counsel exists for an indigent plaintiff in a civil case unless the plaintiff may lose his physical liberty if he loses the litigation. *See Lassiter v. Dept. of Social Servs.*, 452 U.S. 18, 25 (1981). However, pursuant to 28 U.S.C. § 1915(e)(1), the Court has the discretion to appoint counsel for indigent litigants who are proceeding IFP. *United States v. $292,888.04 in U.S. Currency*, 54 F.3d 564, 569 (9th Cir. 1995).

The Court will appoint counsel only under "exceptional circumstances." *Id.*; *Wilborn v. Escalderon*, 789 F.2d 1328, 1331 (9th Cir. 1986). "A finding of exceptional circumstances

---

[1] Because the parties share a last name, this Order will use first names for clarity. No disrespect is intended.

ORDER DENYING MOTION FOR
APPOINTMENT OF COUNSEL - 1

requires an evaluation of both the likelihood of success on the merits and the ability of the plaintiff to articulate his claims *pro se* in light of the complexity of the legal issues involved." *Wilborn*, 789 F.2d at 1331 (internal quotations omitted). These factors must be viewed together before reaching a decision on whether to appoint counsel under § 1915(e)(1). *Id.*

Adam has not shown a likelihood of success on the merits or other exceptional circumstances warranting counsel. He has not shown that he cannot articulate his legal positions. He cannot show that his defense of a claim asserted by an equally *pro se* plaintiff—one who has English as a second language—requires that the Court appoint him an attorney.

This Court has not ever appointed counsel for a *defendant* embroiled in civil litigation, and this case does not require the Court to address whether it might conceivably do so in a very unusual case.

The Motion to Appoint Counsel is DENIED. The parties will proceed to trial if necessary as pro se litigants who are nevertheless required to adhere to the Court's Rules and the Rules of evidence.

IT IS SO ORDERED.

Dated this 28th day of November, 2018.

Ronald B. Leighton
United States District Judge